**BROCKWAY MOTOR TRUCKS, DIVISION OF MACK TRUCKS, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 80–2327.

United States Court of Appeals, Third Circuit.

Argued July 7, 1981.

Decided July 20, 1981.

Wilbur C. Creveling, Jr. (argued), Allentown, Pa., for petitioner.

Andrew F. Tranovich (argued), N.L.R.B., Washington, D.C., for respondent.

Before ADAMS, VAN DUSEN, and RO-SENN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

This proceeding arose as a result of a decision by Brockway Motor Trucks (Division of Mack Trucks, Inc.), in the course of a labor dispute, to close its facility in Philadelphia, without bargaining with the union over the possibility of the closing. The union filed unfair labor practice charges. The National Labor Relations Board (NLRB) concluded that the employer's unilateral action constituted a violation of its duty to bargain under the Act, and ordered Brockway to bargain with the union and to pay the employees back-pay.

The Board petitioned this Court for enforcement of its order, and at the same time Brockway filed a petition for review of the Board's order.

We concluded that the record before the Board did not set forth sufficient information regarding the conditions leading to the decision by Brockway to close the plant in order to enable us to determine whether Brockway had transgressed its duty to bargain. Accordingly, we declined to enforce the order to bargain. In addition, we raised the question whether, even if there were an unfair labor practice, it would be appropriate to require Brockway to bargain, since the Philadelphia plant had, by then, been closed for many months, and the remainder of Brockway's operations had also ceased. We concluded that the NLRB could conduct additional proceedings regarding the matter should it wish to do so. 582 F.2d 720 (3d Cir. 1978).[1]

---

1. Judge Rosenn dissented on the ground that under the circumstances the employer had no duty to bargain with the union. 582 F.2d 741.

The Board did elect to conduct additional proceedings and, as a result, it concluded, once again, that Brockway had committed an unfair labor practice when it closed its plant without discussing the issue with the union. It ordered Brockway to bargain with the union and to pay back wages to the employees for the time between the closing of the Philadelphia location and the termination of the entire business.

Again, the Board filed with this Court a petition for enforcement, and again Brockway filed a petition for review.

While the petitions for enforcement and review were pending, the United States Supreme Court decided the case of *First National Maintenance Corp. v. NLRB,* ⸺ U.S. ⸺, 101 S.Ct. 2573, 69 L.Ed.2d 318 (1981). In it, the Supreme Court concluded that an employer is not required to bargain with the union over its decision "to shut down part of its business purely for economic reasons." *Id.* ⸺, 101 S.Ct. 2584.

Based on the opinion of the Supreme Court in *First National Maintenance Corp.,* the Board submitted a consent to a decree denying enforcement of the Board's order. At oral argument, held on July 7, 1981, counsel for Brockway agreed to the entry of the consent, but sought clarification regarding two items: (1) it requested the Court to make certain that no charge against it of an unfair labor practice would survive the entry of the consent order; and (2) it requested the Court to impose costs against the Board.

In response, the Board assured the Court and Brockway that no unfair labor practice charge against Brockway would survive the entry of the consent order. As to the item of costs, the Board took the position that until Brockway filed a motion for costs there was no matter involving costs before the Court.

After considering the opinion of the Supreme Court in *First National Maintenance Corp.,* the proffer of the consent order, and the representations of counsel, it is hereby ordered that the Board's consent to a decree denying enforcement of the Board's order shall be approved and filed of record; that

the petition for enforcement, filed by the Board, and the petition for review, filed by Brockway, shall be dismissed; that the Board is directed to dismiss the unfair labor practice charge against Brockway; that costs are imposed on the NLRB, but the question of amount is reserved until an appropriate motion is filed by Brockway.